IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
 :

vs. : CRIMINAL NO. 1:CR-95-204-01

 :

DERRICK CRUZ,
    Defendant :

*M E M O R A N D U M*

I. *Introduction*

Defendant, Derrick Cruz, filed a pro se motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. The Federal Public Defender entered an appearance for Defendant and has filed a supplemental motion for a reduction. The government has filed a response in which it agrees Defendant may be entitled to relief, subject to consideration of public safety factors and Defendant's institutional history.

II. *Background*

In January 1996, a jury found Defendant guilty of: (1) conspiracy to distribute and possess with intent to distribute a

mixture of crack cocaine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841; (3) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

      The probation office prepared a presentence report (PSR), which calculated Defendant's guideline range as follows. Defendant's drug quantity was used to establish the base offense level for all three offenses, and his crack-cocaine quantity was calculated to be in excess of 1.5 kilograms for a base offense level of 38. Two points were added under U.S.S.G. § 2D1.1(b)(1) for possession of firearms, four points were added under U.S.S.G. § 3B1.1(a) for being a leader or organizer of the conspiracy, and two points were added under U.S.S.G. § 3C1.1 for obstruction of justice for a total offense level of 46, reduced to 43 under application note 2, Chapter 5, Part A of the guidelines. With Defendant's criminal history category of VI, the PSR gave him a guideline range of life imprisonment.

      At sentencing, the court rejected the two-point increase for obstruction of justice, and the prosecutor agreed that the drug quantity should only be an amount in excess of fifty grams but less than 150. This gave Defendant a base offense level of 32 and a total offense level of 38, for a

guideline range of 324 to 405 months. On May 1, 1996, Defendant was sentenced to 324 months' imprisonment on the conspiracy offense, 324 months on the distribution offense, and 240 months on the money-laundering offense, to be served concurrently.

III.  *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not

consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the
> corresponding guideline provisions that were
> applied when the defendant was sentenced and
> shall leave all other guideline application
> decisions unaffected.

*Id.*, § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when

4

the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

Defendant qualifies for the reduction. Under Amendment 706, his base offense level for his drug quantity is reduced from 32 to 30, in accord with the amendment's modification of section 2D1.1(c). With all the other guideline applications remaining unaffected, this gives Defendant a total offense level of 36. Combined with the same criminal history category of IV, the resulting guideline is 262 to 327 months. Based on our consideration of other relevant factors, the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Defendant's term of imprisonment, Defendant's postconviction conduct, and the factors set forth in 18 U.S.C. § 3553(a), we will grant the reduction.

Defendant does not just seek the benefit of Amendment 706. He also believes that his section 3582(c)(2) motion allows him to make the following arguments against his sentence: (1) under U.S.S.G. § 4A1.1, his criminal history category should be lowered from IV to III to properly take into account a conviction for attempted murder he is now serving in New York State;[1] (2) he should not have received a four-point increase

---

[1] Defendant is not yet serving his federal sentence. The state sentence he is serving is twelve and one-half to twenty-five years.

5

for being a leader or organizer of the conspiracy as there was no evidence to support the increase; (3) his drug quantity should have been set at 27 grams of crack cocaine, for a base offense level of 26, because the witness testimony for the higher level should have been rejected as unreliable; (4) he should not have received a two-point increase for possession of firearms; and (5) jury instructions that allowed the jury to avoid making a drug-quantity determination violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

      We cannot consider any of these arguments. In *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002), the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. This precludes reliance on *Apprendi* and its progeny, the other cases Defendant cites in his supplemental motion: *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *McBride*, *supra,* 283 F.3d at 615-16 (*Apprendi* is inapplicable in a section 3582(c)(2) resentencing); *McMillan v. United States*, 257 Fed. Appx. 477, 479 (3d Cir. 2007)(per

curiam)(nonprecedential)("*Booker* does not provide a basis for relief under § 3582(c)(2)"), *cert. denied*, 128 S.Ct. 1753, 170 L.Ed.2d 551, 76 USLW 3528 (U.S. Mar. 31, 2008) (No. 07-9558); *United States v. Sharkey*, ___ F.3d ___, ___, 2008 WL 4482893, at *2 (10th Cir. 2008)(Like *Booker*, "*Kimbrough* is also not a basis for relief under § 3582(c)(2)").

    Defendant has requested a hearing on his resentencing, but a hearing is not required for a resentencing under section 3582(c)(2). *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)(citing Fed. R. Crim. P. 43(b)(4) which provides that a defendant's presence at a section 3582(c)(2) resentencing is not required); *United States v. Mackey*, No. 96-CR-135-01, 2008 WL 2018270, at *1 (W.D.N.C. May 6, 2008)(collecting cases).

    Defendant has also requested that we provide that the amended sentence run concurrently with the New York State sentence he is currently serving. Conversely, the probation office has suggested that we order that the sentence run consecutively to the state sentence because the PSR "does not indicate that the conduct underlying that offense was related to the conduct underlying the federal offense." Consistent with our conclusion above, we do not believe we have the authority when considering a section 3582(c)(2) motion to do anything except reduce the sentence in line with the retroactive amendment. We therefore will not act on either request.

        We will issue an appropriate order.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge

Date: October 17, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
    Plaintiff
                                    :

    vs.  :  CRIMINAL NO. 1:CR-95-204-01

                                    :
DERRICK CRUZ,
    Defendant  :

*O R D E R*

AND NOW, this 17th day of October, 2008, it is ORDERED that:

    1. Defendant's motion (doc. 224) under 18 U.S.C. § 3582(c)(2), and his supplemental motion (doc. 229) for a sentence reduction are granted.

    2. Pursuant to 18 U.S.C. § 3582(c)(2), Defendant's previously imposed sentence of 324 months on each of counts I and II (imposed on May 1, 1996) is reduced to a sentence of 262 months of imprisonment on each count.

    3. Except as provided herein, all provisions of the judgment of May 1, 1996, shall remain in effect.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge