UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
vs. :
: CRIMINAL NO. 1:CR-95-204-01
:
DERRICK CRUZ, :
Defendant :

*M E M O R A N D U M*

*I.      Introduction*

We are considering an Independent Action in Equity filed by Defendant Derrick Cruz pursuant to Federal Rule of Civil Procedure 60(d)(1).[1]  (Doc. 291). Defendant Cruz seeks to set aside our order denying his § 2255 motion as untimely filed. (Doc. 189).  Cruz argues his motion was timely because it complied with the filing deadlines that we imposed.  For the reasons discussed below, we will deny Cruz's independent action.

*II.     Background*

In May of 1996, Cruz was sentenced on drug-trafficking charges.  Cruz appealed his conviction, which was denied on February 12, 1997.  (Doc. 148).  On August 25, 1997, Cruz filed a pro se "petition for writ of habeas corpus" on a form document.  (Doc. 153).  That petition did not invoke 28 U.S.C. § 2255, nor did the form

---

1. Although docketed as a criminal matter, the Federal Rules of Civil Procedure apply.  See Rule 12 of the Rules Governing Section 2255 Proceedings; Fed. R. Civ. P. 81(a)(4)(A).   Defendant Cruz filed his motion pursuant to the "savings clause" of the Federal Rules of Civil Procedure. Cruz cites the savings clause as Federal Rule 60(b), but amendments to the Rules have moved it to Rule 60(d).  See United States v. Burke, No. 92-CR-268-1, 2008 WL 901683 *4 n.6 (E.D. Pa. April 2, 2008).

advise Cruz of the consequences if the petition were treated as a § 2255 motion. We recharacterized the petition as a motion under § 2255 without giving notice to Cruz or advising him of the consequences of our doing so for a second or successive § 2255 motion. We subsequently denied that motion. (Doc. 156).

In 2003, the Supreme Court of the United States issued its holding in Castro v. United States. In Castro, the Court held that before a district court can recharacterize a pro se filing as a litigant's first § 2255 motion, the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant with an opportunity to withdraw the motion or to amend . . . ." Castro v. United States, 540 U.S. 375, 383 (2003). Further, the Court held that "[i]f the [district] court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's second or successive restrictions." Id. In turn, the Third Circuit overturned an order of this court in *In re* Wagner. The Third Circuit found that we recharacterized a motion as a § 2255 motion without notifying the defendant and found that our order barring the defendant's subsequent § 2255 motion as a second motion violated Castro. *In re* Wagner, 421 F.3d 275 (2005).

On July 7, 2006, citing Wagner, Defendant Cruz filed a motion requesting permission to re-file his § 2255 motion. (Doc. 175). On July 24, 2006, in light of Wagner, we granted permission and ordered Cruz to file his § 2255 motion within thirty

days. (Doc. 179). Cruz did so by filing it on August 16, 2006. (Doc. 183). We ultimately denied the motion because it was filed beyond the statute of limitations. (Doc. 189). Cruz filed a request for a certificate of appealability with the Third Circuit, which was denied on August 17, 2007. (Doc. 211). Now, over eight years later, Cruz argues that our order denying his § 2255 motion as untimely should be set aside.

III.        Discussion

   A. Standard of Review

"[A]n independent equitable action for relief from judgment may only be employed to prevent manifest injustice." *In re* Machne Israel, Inc., 48 F. App'x 859, 863 (3d Cir. 2002). It is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998). "In other words, independent actions in equity must be reserved for extraordinary circumstances." United States v. Burke, No. 92-CR-268-1, 2008 WL 901683 *7 (E.D. Pa. April 2, 2008).

The indispensable elements of an independent action in equity are as follows:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevent the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*In re* Machne Israel, Inc., 48 F. App'x at 863 n.2.

3

*B. Enforcement Would Not Result in Manifest Injustice*

Defendant Cruz asserts that he filed his § 2255 motion within thirty days as ordered and his motion was consequently timely.  Cruz, therefore, argues that the order denying his motion as untimely cannot, in good conscience, be enforced.  We disagree.

We denied Cruz's motion as untimely, not because it failed to satisfy our thirty day requirement, but because it failed to satisfy the statute of limitations.  (See Doc. 189).  The Supreme Court of the United State's holding in Castro and the Third Circuit's holding in Wagner only prevent district courts from treating a § 2255 motion as a second or successive motion if the court recharacterized a previous motion and failed to notify the defendant.  The holdings do not affect or toll the timing requirements of § 2255(f). See Castro, 540 U.S. at 375 (filing second motion within one year of effective date of Antiterrorism and Effective Death Penalty Act); Wagner, 421 F.3d at 277 (filing second motion within one year of judgement becoming final).  Accord, Outler v. United States, 485 F.3d 1273, 1276 (11th Cir. 2007) (holding second motion was time barred despite Castro violation on first motion); United States v. Poole, No. 06-CV-2326, 2008 WL 2620181 *1-3 (E.D. Pa. May 15, 2008) (holding that second motion was not within statute of limitations despite violation of Castro on first motion).

In accordance with Castro and Wagner, our order allowed Cruz to file a motion without it being denied as a second or successive motion.  It did not change the statutory timing requirements of § 2255(f).  See (Doc. 211) (denying certificate of appealability, the Third Circuit stated, "[a]ppellant fails to demonstrate that jurists of

reason would debate whether the District Court correctly dismissed his motion as untimely."). See also Outler 485 F.3d at 1277 (affirming district court's order that denied the motion as time barred, even though the Eleventh Circuit previously ordered the district court to entertain the motion due to a Castro violation); Poole, 2008 WL 2620181 *1 (holding motion was time barred, even though Third Circuit required district court to entertain the motion due to Castro violation).   Accordingly, when Cruz filed his motion, it was still necessary for the motion to comply with § 2255(f).

Notably, Cruz does not argue that he filed his motion within the statutory time requirements,[2] nor does he argue that he is entitled to equitable tolling of the statute of limitations.[3]  Accordingly, we find that our order denying Cruz's motion as time barred can be enforced in good conscience, and Cruz has failed to demonstrate that its enforcement would create the requisite manifest injustice.

*IV.*        *Conclusion*

For the reasons discussed above, we will deny Defendant Cruz's independent action in equity.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

2. Cruz cites to Artuz v. Bennett, 531 U.S. 4 (2000) and argues that his motion was "properly filed" even if it was procedurally barred. (Doc. 291 at 7).  Artuz is based on language in 28 U.S.C. § 2244(d)(2), which provides statutory tolling.  This section applies to a person in custody pursuant to a judgment of state court.  Accordingly, this section and Artuz do not apply to Cruz's motion.

3. The Third Circuit has already held that Cruz "is not eligible for equitable tolling of the statute of limitations because he has not demonstrated that he exercised reasonable diligence in bringing his claims."  Doc. 211.