UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:95-CR-204 |
| : | |
| DERRICK CRUZ, : | |
|     Defendant : | |

*M E M O R A N D U M*

*I.*      *Introduction*

Presently before the court is Defendant Derrick Cruz's motion (Doc. 315) for relief from judgment. For the following reasons, the court will deny Defendant's motion.

*II.*      *Background*

On January 23, 1996, after a jury trial, Defendant was convicted of three separate counts that included drug offenses and money laundering. (Doc. 88). On May 1, 1996, this court sentenced Defendant to 324 months' imprisonment—the bottom end of the sentencing range provided by the then-mandatory United States Sentencing Guidelines ("Sentencing Guidelines").[1] (Doc. 131). The Third Circuit affirmed Defendant's conviction and sentence on February 2, 1997. (Doc. 148).

Over the following ten years, Defendant filed a litany of motions and other documents challenging his conviction and sentence. The only fruitful challenges were those based on retroactive amendments to the Sentencing Guidelines. Defendant

---

[1] It was later determined that this federal sentence was to be served consecutively following Defendant's state court sentence of twelve and one-half to twenty-five years' imprisonment for attempted murder. (Presentence Investigation Report ("PSR") ¶ 36; Doc. 282 at 3; Doc. 259 at 2).

successfully moved three times for a reduction to his federal sentence based on retroactive amendments, reducing the initial sentence of 324 months' incarceration to his current sentence of 135 months' incarceration. (See Docs. 224, 237, 282, 285, 302, 305).

On March 20, 2017, Defendant filed the instant motion for relief from judgment. (Doc. 315). Although styled as motion pursuant to Federal Rule of Civil Procedure 60(b), the motion is actually a request for miscellaneous relief based primarily on a decision from the United States District Court for the Eastern District of New York, United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (Gleeson, J.). (Doc. 315 at 1, 6-9). In Holloway, which will be discussed in greater detail below, the United States Attorney—in response to several direct requests from the district judge—agreed to vacate certain convictions in order to reduce a 57-year sentence that was the result of mandatory minimum requirements.

The Government filed a two-paragraph response to the instant motion, claiming that Defendant cited no legal authority, and asserting that this court lacks jurisdiction to provide Defendant with the relief he seeks. (Doc. 319). The Government's response does not address Holloway or the actual relief Defendant requests, i.e., that this court follow Holloway and petition the Government to exercise its discretion to reduce his sentence (e.g., by vacating one of his counts of conviction) in the interests of justice.

*III.	Discussion*

Defendant has exhausted his direct appeal and post-conviction avenues for relief. He now asks this court to follow Holloway's example by requesting that the Government revisit his case and exercise its discretion to vacate one or more counts of conviction or take some other action that would reduce his current federal sentence.

(Doc. 315 at 6-9). For the following reasons, the court finds that Defendant's case is distinguishable from Holloway, and will deny his request.

In Holloway, Francois Holloway and an accomplice were charged with stealing three cars at gunpoint over a two-day span. Holloway, 68 F. Supp. 3d at 312. The government charged each carjacking separately, and each carjacking count was accompanied by a "§ 924(c)" count for using a firearm during a crime of violence, see 18 U.S.C. § 924(c). Holloway, 68 F. Supp. 3d at 312. Holloway had been offered a plea agreement with a sentencing range of 130 to 147 months in which two of the § 924(c) counts would be dropped, but he rejected that offer and went to trial. Id. At trial, Holloway was convicted on all counts, and, due to the "stacked" mandatory minimums imposed by § 924(c), as well as the statutory requirement that § 924(c) sentences run consecutively to one another and all other sentences in the case, he received a mandatory[2] sentence of imprisonment of 691 months, or 57 years and 7 months. Id. at 312-13.

In highlighting the draconian nature of Holloway's mandatory sentence, Judge Gleeson noted that in 2013, the average federal sentence for murder was only 268 months. Id. at 313 (citation omitted). He also juxtaposed Holloway's sentence with that of Holloway's co-defendant, who had engaged in similar conduct but received a sentence of just 27 months after pleading guilty and testifying for the government. Id. In light of what appeared to Judge Gleeson to be an extremely unjust punishment, on two separate occasions he called on the United States Attorney to consider having the government exercise "its discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." Id. at 314.

---

[2] At the time of Holloway's initial sentencing, the Sentencing Guidelines were mandatory, requiring Judge Gleeson to impose a minimum sentence of 151 months for the carjacking convictions. Id. at 312.

3

After thoroughly reviewing the circumstances of the case and Holloway's "extraordinary" record during his twenty years of incarceration, as well as completing a time-consuming search to find and speak to several of the carjacking victims, the government agreed that it would not oppose a motion to vacate two of the § 924(c) convictions and resentence Holloway. Id. at 315. As Judge Gleeson explained, Holloway's "sentence was far more severe than necessary to reflect the seriousness of his crimes and to adequately protect the community from him," and the government made the courageous decision to "remedy injustice[ ]" rather than simply taking the "easy route" by responding that "there's nothing we can do about your sentence[.]" Id. at 316.

Initially, the court notes that Holloway is a district court decision from outside the Third Circuit, and has no binding effect on this court. More importantly, the court finds Defendant's circumstances to be quite different than those in Holloway.

First, although Defendant's initial sentence was relatively lengthy (324 months), it has since been reduced multiple times to a much less severe sentence of 135 months' imprisonment. Second, Holloway's criminal activity took place over a span of two days, while Defendant's charged conduct occurred over the course of approximately eight months. Third, Defendant's criminal history includes New York state convictions for criminal possession of a weapon and selling controlled substances, and he committed the instant federal offenses while on parole for the prior state crimes. (PSR ¶¶ 30-32). Finally, and significantly, around the same time that Defendant was indicted on the instant federal offenses, he was also charged with attempted murder in New York state, for which

he was eventually convicted and sentenced to twelve and one-half to twenty-five years' imprisonment.[3] (PSR ¶ 36; Doc. 282 at 3; Doc. 259 at 2).

The court notes that Defendant has provided a significant amount of documentary evidence showing that he has endeavored to rehabilitate during his time in prison. The documents indicate that he has maintained an impeccable disciplinary record, has availed himself of numerous opportunities to become better educated, has completed substance abuse and anger management programs, has gotten married, has undertaken efforts to strengthen family ties, and has generally demonstrated a desire for self-improvement. (See generally Docs. 258, 315-2). Defendant's rehabilitative efforts while incarcerated are extremely commendable, and the court encourages him to continue his positive course of conduct.

Nevertheless, the court will decline Defendant's request to petition the Government on his behalf to revisit his federal sentence. Defendant's circumstances are materially different than the circumstances in Holloway, and do not warrant the relief he currently seeks.

*IV.     Conclusion*

For the foregoing reasons, the court will deny Defendant's motion (Doc. 315) for relief from judgment. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

---

[3] The PSR included the following factual allegations regarding the attempted murder: "It is alleged that on July 11, 1995, Mr. Cruz became involved in an argument with a Mariette O'Garro and shot her with a 9mm handgun. The victim fell to the ground and the defendant walked up to her and tried to shoot her again, however, his gun jammed. The victim sustained injury to her arm, stomach, small bowel[,] and kidneys." (PSR ¶ 36).

5