# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | 1:95-CR-204 |
| v. : | |
| : | (JUDGE MANNION) |
| **DERRICK CRUZ,** : | |
| **Defendant** : | |

## MEMORANDUM

On May 16, 2019, defendant Derrick Cruz filed, through counsel, a motion to reduce his 135-month sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA").[1] In particular, Cruz filed a motion for a resentencing hearing pursuant to §404 of the FSA, with a copy of his BOP Individualized Reentry Plan attached as an exhibit. (Docs. 331 & 331-3). He simultaneously filed a brief in support. (Doc. 332). The government filed its response on May 28, 2019. (Doc. 334). Cruz filed his reply on June 11, 2019, with two exhibits attached, namely a copy of a transcript from a resentencing hearing under the FSA in United States v. Potts, a Southern

---

[1] Section 404 of the FSA, which "permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372", "is the only provision that applies retroactively to defendants who have already been sentenced." United States v. Powell, 2019 WL 1521972, *3 n.1 (E.D.Ky. April 8, 2019). Also, §404(b) of the FSA "only amended the statutory sentencing ranges for crack cocaine offenses." *Id*. As such, the FSA made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine.

1

District of Florida case[2], and a copy of a letter Cruz sent the sentencing judge regarding his achievements in prison and his rehabilitation efforts. (Docs. 336, 336-1 & 336-2). Cruz then filed supplemental exhibits which included copies of his GED and certificates from various programs, trainings and courses he has completed in prison. (Doc. 337).

On July 9, 2019, Cruz filed a notice of supplemental authority, namely, a copy of a July 8, 2019 Order in the case of United States v. Loner, Crim. No. 1:00-CR-50, Doc. 370 (M.D. Pa. July 8, 2019), in which Judge John E. Jones, III, granted the defendant's motion for a resentencing hearing with respect to his motion under the FSA. (Doc. 338). However, in the Order, the court specifically stated that "our decision is based upon the unusual facts and circumstances of the case *sub judice*, thus we make no determination as to whether every potentially eligible defendant is wholesale entitled to a resentencing hearing under the First Step Act.

Finally, on July 11, 2019, Cruz filed letters to the court from his mother, his niece and his child, Davaysia Cruz. (Docs. 339 & 340). In the letters, Cruz's family seeks his immediate release from prison and his mother indicates that if he is released, he can live with her.

After considering the briefs of the parties, and related materials, Cruz's

---

[2]In United States v. Potts, 2019 WL 1059837 at *2 (S.D.Fla. Mar. 6, 2019), the court held that the FSA did not "expressly" provide for plenary resentencing or reconsideration of prior sentencing decisions, but on April 26, 2019, it held a sentence hearing with the presence of the defendant.

motion for a resentencing hearing and for a reduction of sentence under the FSA will be **GRANTED IN PART** and **DENIED IN PART**.

I.  **BACKGROUND**

Cruz was found guilty by a jury of conspiracy to distribute and possess with intent to distribute more than 50 grams of a mixture or substance containing cocaine base known as crack cocaine and cocaine, in violation of 21 U.S.C. §§841(a)(1) and 846, of distribution and possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base known as crack cocaine, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A)(iii), and money laundering in violation of 18 U.S.C. §1956(a)(1)(A)(I). The jury did not make findings with respect to the type or quantity of controlled substances Cruz possessed and distributed. During the relevant time, the statutory penalty for a drug offense involving 50 grams of crack cocaine under 21 U.S.C. §841(b)(1)(A)(iii) was a minimum of 10 years and a maximum term of life, with a minimum term of 5 years supervised release.

In the PSR, the Probation Office determined that Cruz should be held responsible for more than 1.5 kilograms of crack cocaine which, under the Sentencing Guidelines in effect in 1995, resulted in a base offense level of 38. The PSR also found that Cruz should be given a 2-level enhancement because dangerous weapons were possessed, a 4-level enhancement based on his role in the offense, and a 2-level enhancement for obstruction of justice. Thus, the PSR determined that Cruz's total offense level was 46,

which became an offense level of 43, the highest in the Sentencing Table. Cruz's criminal history category was found to be IV and, combined with a total offense level of 43, his Guideline term was life imprisonment.

Cruz was originally sentenced on May 1, 1996. The court found the amount of drugs involved with Cruz's offenses was between 50 grams to 150 grams of crack cocaine, resulting in a base offense level of 32. The court also eliminated the 2-level enhancement for obstruction of justice. The court included a 2-level enhancement for Cruz because dangerous weapons were possessed, and a 4-level enhancement based on his role in the offense. Cruz's total offense level was 34. Based on Cruz's offense level of 34 and with a criminal history category of IV, his guideline range was 324 to 405 months imprisonment. The court then sentenced Cruz to 324 months imprisonment on Counts 1 and 2, the drug offenses, and 240 months imprisonment on Count 6, money laundering, to run concurrently, followed by a 5-year term of supervised release.

Subsequently, the court reduced Cruz's sentence to 262 months pursuant to Amendment 706. Cruz's sentence was further reduced to 168 months under Amendment 750. Finally, Cruz's sentence was reduced to 135 months, his current term, pursuant to Amendment 782.

## II. DISCUSSION

In his present motion, Cruz seeks a further reduction in his sentence this time under §404 of the FSA. He states that "[b]ased on Section 404 of the

First Step Act, [his] statutory range is reduced from 10 years to life, with a minimum 5-year term of supervised release, to 0 to 20 years, with a minimum 3-year term of supervised release." Thus, he contends that he is eligible for a sentence of time served. The government states that although Cruz is eligible for a further reduction in his sentence under §404 of the FSA, since he has already received three reductions under Amendments 706, 750 and 782, an additional variance from his current guideline range of 135 to 168 is not warranted. The government also points out that "135 months is the bottom of the current guideline range applicable to this defendant in light of the changes occasioned by the [FSA]." The parties also dispute whether a hearing by the court is necessary if the court does not impose a sentence of time served.

In United States v. Davis, 2019 WL 1054554, *1 (W.D.N.Y. March 6, 2019), the court addressed the FSA and explained:

> Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010 ("the Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372, 2372 (2010). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L.Ed. 2d 250 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id.*
>
> The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act,

5

§404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. First Step Act, §404(a).

Cruz's motion falls under 18 U.S.C. §3582(c)(1)(B), "which permits modification of an imposed term of imprisonment to the extent expressly permitted by statute." *Id*. at *2. *See also* United States v. Crews, 2019 WL 2248650, *4 (W.D.Pa. May 24, 2019) ("The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. §3582(c)(1)(B).").

No doubt that Cruz was convicted of a "covered offense" committed before August 2, 2010, and the Fair Sentencing Act reduces his statutory penalties. *See* Davis, 2019 WL 1054554, *3 ("To be eligible for relief under the First Step Act, a defendant must have been convicted of a 'covered offense' committed before August 3, 2010."); United States v. Copple, 2019 WL 486440 (S.D.Ill. Feb. 7, 2019) ("Section 404 [of the FSA] allows the Court to reduce a defendant's sentence for a crack cocaine offense" and, the FSA "only changed the statutory penalty range for certain crack cocaine offenses."). Thus, Cruz is eligible for relief under the FSA.

However, §404(c) provides that, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." As such, it is within the court's discretion whether to grant Cruz a sentence reduction under the FSA. *See* United States v. Glore, — F.Supp.3d — , 2019 WL 1060838, *2 (E.D.Wis. 2019) ("The [FSA] does not mandate sentence

6

reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); Crews, 2019 WL 2248650, *4 ("If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence.") (string citations omitted). As the court in Glore, *id*., also pointed out, the FSA does not "reduce the statutory penalties for [eligible] defendants; it does not retroactively subject such defendants to the lower statutory minimums and maximums created by the Fair Sentencing Act." Rather,"[the FSA] allows courts only to resentence eligible defendants as if the reduced minimums and maximums had been in effect when the defendants committed their offenses and were sentenced." *Id*.

As the government states, (Doc. 334 at 4), under the Fair Sentencing Act, "an offense involving less than 280 grams but more than 28 grams of crack has a statutory mandatory minimum penalty of 5 years and a maximum sentence of 40 years, which is increased to a minimum of 10 years and a maximum of life if the defendant has a prior conviction for a felony drug offense." (citing 21 U.S.C. §841(b)(1)(B)). Based on the amount of drugs involved with Cruz's offenses that were found by the court, i.e., 50 grams of crack cocaine, Cruz's statutory minimum sentence under the Fair Sentencing Act is reduced to 5 years and his statutory maximum sentence is reduced from life to 40 years. *See* §841(b)(1)(A). Cruz's minimum term of supervised release is reduced to 4 years. Thus, if the Fair Sentencing Act was in effect when Cruz was sentenced, his maximum sentence was 40 years, and "[40]

years is the statutory cap that governs this court's resentencing of [Cruz]." Glore, 2019 WL 1060838 *7. See also United States v. Simons, — F.Supp.3d ---, 2019 WL 1760840,*6 (E.D.N.Y. April 22, 2019) ("The term of imprisonment for [conspiracy to distribute more than 50 grams of crack cocaine] may, in this court's discretion, be reduced to five years—the current mandatory minimum for trafficking between 28 to 280 grams of crack cocaine under §841(b)(1).") (citing FSA, §404(b)).

Even though the court can consider a variance for Cruz below his current guideline range under §404 of the FSA and 18 U.S.C. §3582(c)(1)(B), "Section 404(b) of the First Step Act says that a court 'may' impose a reduced sentence", and "[t]he statute leaves it up to the court to decide whether to reduce an eligible defendant's sentence." Glore, 2019 WL 1060838 *6.

The parties dispute whether Cruz is entitled to a plenary resentencing under the FSA. As the court in Crews, 2019 WL 2248650, *5, recently explained:

> [A] district court's limited authority to modify defendant's sentence is provided by § 3582(c)(1)(B), which, in pertinent part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise **expressly** permitted by statute...." 18 U.S.C. §3582(c)(1)(B) (emphasis added). The **express** provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." First Step Act §404(b). The First Step Act does not expressly authorize a district court to conduct a plenary resentencing of the defendant.

(internal footnotes omitted).

8

The court in Crews, *id*., then concluded that "[it could not] conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence 'as if sections 2 and 3 of the Fair Sentencing Act' were in effect when the defendant committed the offense." (citing FSA §404(b)).

In arguing that a sentence reduction hearing is not required in Cruz's case, the government cites to Dillon v. United States, 560 U.S. 817, 825-26 (2010), for support. The government states that in Dillon, the Supreme Court stated that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding." (Doc. 334 at 9). Thus, the government states that the Court in Dillon, *id*. at 831, held that "a sentencing court considering application of a reduced guideline range should not reconsider any other aspect of the sentencing decision (such as the criminal history calculation challenged there), or grant any variance under the *Booker* authority. (Id.).

Similarly, in Crews, the government cited to Dillon in support of its argument that the defendant was not entitled to a plenary resentencing. The court in Crews, 2019 WL 2248650, *5 n. 3, noted that:

> In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States held that a defendant is not entitled to a plenary sentencing under §3582(c)(2). Section 3582(c)(2) permits a court to modify a final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

9

by the Sentencing Commission." 18 U.S.C. §3582.

However, the court in Crews, *id*., then noted that:

The analysis in Dillon, however, "[is not] helpful in analyzing the sentence reduction authority Congress has granted the courts through §404[,]" United States v. Rivas, 2019 WL 1746392, at *7 (E.D.Wis. Apr. 18, 2019), because defendant is not requesting a reduced sentence based upon an amendment to the sentencing guidelines; rather, defendant requests a reduced sentence "to the extent ... permitted by statute[,]" 18 U.S.C. §3582(c)(1)(B), which is governed by §3582(c)(1)(B)."

This court finds that the distinction drawn by the court in Crews between the holding in Dillon and the court's authority to reduce a sentence under the FSA to be persuasive and, it finds that the government's reliance on Dillon in this case is misplaced. *See* United States v. Coleman, 2019 WL 1877229, *6 (E.D.Wis. April 26, 2019) (court found that "the reasoning in Dillon isn't helpful in analyzing the sentence reduction authority Congress has granted the courts through §404" since "Dillon analyzed the part of §3582(c) that allows courts to reduce a defendant's sentence....").

Nonetheless, this court concurs with the government and the numerous other courts, including Crews, which have held that no plenary resentencing is required regarding a motion for reduction of sentence under §404(b).

As the court in Crews, *id*. at *5, stated:

Other district courts that have considered this issue under the First Step Act have held that a defendant is not entitled to a plenary sentencing under §3582(c)(1)(B). *See e.g.*, United States v. Rivas, 2019 WL 1746392, at *8 (E.D.Wis. Apr. 18, 2019) ("The First Step Act does not "expressly permit" the court to conduct a plenary resentencing."); United States v. Shelton, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019) ("Neither the Fair

10

Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); United States v. Glover, 2019 WL 1562833, at *10 (S.D.Fla. Apr. 11, 2019); United States v. Perkins, 2019 WL 1578367, at *3 (N.D.Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for"); United States v. Russo, 2019 WL 1277507, at *1 (D.Neb. Mar. 20, 2019) ("Third, the Court cannot conclude that the First Step Act anticipates a full resentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act.");[3] Davis, 2019 WL 1054554, at *2 ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates.").

*See also* Coleman, 2019 WL 1877229, *8 ("The First Step Act does not 'expressly permit' the court to conduct a plenary resentencing."); United States v. Sampson, 360 F. Supp. 3d 168, 170-71 (W.D.N.Y. 2019) (court found that under the FSA "a full resentencing is neither required nor called for."); United States v. Nance, 2019 WL 2436210 (D.Ne. June 10, 2019) (court denied defendant's request for a plenary resentencing hearing under the FSA); United States v. McKinney, 2019 WL 2053998, *2 (D.Ks. May 9, 2019) (court "agree[d] with the majority of courts that have [held] that the First

---

[3]The court in Crews, *id*. at *5, noted:

The court in Russo explained its rationale for why a defendant is not entitled to a full resentencing under the First Step Act as follows: "If the Court were to engage in such a resentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." United States v. Russo, 2019 WL 1277507, at *1 (D.Neb. Mar. 20, 2019).

11

Step Act does not authorize a full resentencing but only an adjustment of an otherwise final sentence—a 'recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.'") (string citations omitted).

Although the court in the Loner case granted defendant's motion for a resentencing hearing under the FSA based on "the peculiarities of Loner's case", this court finds that a resentencing hearing in Cruz's case is not required. Thus, the court finds that Cruz is not entitled to a plenary resentencing hearing under the FSA, and his request for such a full resentencing hearing will be denied.

Next, Cruz argues that the court should grant him a variance under §3553(a) from his current 135-month sentence. In his reply brief, Cruz states that "[a] sentencing hearing is instrumental to establish that after 23 years, [he] has changed and is not the man originally sentenced." For support regarding his request for a hearing, with his presence, for consideration of the §3553(a) factors, Cruz cites to a recent case decided in this district, namely, United States v. Rhines, No. 4:01-CR-310, Doc. 355 at 4 (M.D.Pa. June 3, 2019)(Jones, J) ("In this Court's view, the only appropriate way to thoroughly evaluate Rhines' characteristics through the prism of section 3553(a) is to have him appear in open court and provide him with an opportunity to fully allocute."). Cruz cites to other cases as well, *see* (Doc. 336 at 4), including United States v. Rose, — F. Supp. —, 2019 WL 2314479 (S.D.N.Y. May 24, 2019).

"[T]he court will determine whether to exercise its discretion to reduce [Cruz's] sentence, and, if so, conduct a resentencing limited to consideration of the §3553(a) factors as if sections 2 and 3 of the Fair Sentencing Act were effective on the day [Cruz] committed his offense[s] of conviction." Crews, *id*. at *6. The parties agree that the court should consider the sentencing factors provided in 18 U.S.C. §3553(a) in determining if Cruz's sentence should be reduced under the FSA, but the government opposes Cruz's request for a variance and a hearing.

As the court in Crews, *id*., explained:

> A court must, however, consider the factors set forth in 18 U.S.C. §3553(a) when reducing a sentence; indeed, nothing in the First Step Act of §3582(c)(1)(B) nullified the mandate in §3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the §3553(a) factors. 18 U.S.C. §3553(a); United States v. Lewis, 2019 WL 2192508, at *24 (D.N.M. May 21, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. §3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, 2019 WL 1877072, at *4 (D.Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the §3553(a) factors).

*See also* Nance, 2019 WL 2436210 (court considered defendant's post-incarceration conduct, including his participation in educational, vocational, and other rehabilitative programs, when exercising its discretion of whether to reduce a defendant's term of incarceration under the FSA but

13

did not conduct a hearing to consider the §3553(a) factors).

In United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), the Third Circuit stated that the third step in the process a district court must follow when imposing a sentence, is that districts courts must "exercise [ ] [their] discretion by considering the relevant [§3553(a)] factors in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines." (alterations in original) (citation omitted) (internal quotation marks omitted). Further, "[d]uring the third step, district courts should engage in 'a true, considered exercise of discretion, including a recognition of, and response to, the parties' non-frivolous arguments.'" United States v. Friedman, 658 F.3d 342, 359 (3d Cir. 2011) (quoting United States v. Jackson, 467 F.3d 834, 841 (3d Cir. 2006)).

Additionally, as the court in United States v. Lewis, 2019 WL 2192508, *20 (D.N.M. May 21, 2019), explained:

> The First Step Act places no limitations on what a court may consider in resentencing a First Step Act-eligible defendant, and accordingly, the Court agrees with the federal district courts which have concluded that, as with any sentencing, the Court should ensure that the sentence imposed meets the goals of sentencing that 18 U.S.C. §3553(a) outlines, namely, the need for the sentence to: (I) reflect the seriousness of the offense; (ii) promote respect for the law; (iii) provide just punishment; (iv) afford adequate deterrence, both specific and general; (v) protect the public from the defendant's further crimes; and (vi) avoid unwarranted sentencing disparities between similar defendants found guilty of similar crimes. *See* 18 U.S.C. §3553(a).

Cruz contends that in order to address the relevant factors under §3553(a) a *de novo* hearing with his presence is necessary. The government

14

disagrees and argues that the court can determine without a hearing "whether any further variance is warranted in addition to the substantial variance previously granted which placed the defendant's sentence at the bottom of the guideline range."

As stated, this court finds that "[t]he First Step Act proceeding in this case is a proceeding involving the reduction of defendant's sentence under §3582(c)(1)(B)." Crews, 2019 WL 2248650, *8. "A plain reading of Rule 43(b)(4) provides that [defendant's] appearance is not required for the court to reduce his sentence under §3582(c)(1)(B)." *Id*. *See also* Coleman, 2019 WL 1877229, *8.

Cruz states, "[he] was originally sentenced when the Sentencing Guidelines were mandatory and [he] never received the opportunity to argue for a variance based on the factors in 18 U.S.C. §3553(a)." (Doc. 332 at 11). This may be true for many First Step Act eligible defendants, however the court is not required to conduct a limited resentencing hearing to decide Cruz's request for a variance under §3553(a).

That being said, the court believes that in determining whether a sentence reduction is warranted for a First Step Act-eligible defendant, the court should consider the §3553(a) factors and the court will consider those factors as they pertain to Cruz, as well as his age and the statistically lower recidivism rate associated with it.[4]

---

[4]The court notes that although "[f]ederal district courts are split regarding whether a court reconsidering a sentence under the First Step Act

Cruz has already received three reductions under Amendments 706, 750 and 782, and his current sentence of 135 months is the bottom of the amended guideline range under the FSA. The court has considered evidence, (Docs. 331-3 & 337), of Cruz's post-sentencing rehabilitation as permitted by Pepper v. United States, 562 U.S. 476, 481, 131 S.Ct. 1229 (2011) ("district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation"). As Cruz states in his reply brief, "while incarcerated, [he] has completed educational and vocational courses aimed at bettering himself, including keyboarding, HVAC, business math and a culinary program", and "[h]e completed courses in self-improvement including victim impact, money smart, anger management, nutrition, parenting and drug education" as well as "participating in the Residential Drug Abuse Treatment Program." (*See also* Doc. 337).

The court has considered all of the §3553(a) factors, including those discussed below, and, in its discretion, declines to reduce Cruz's current 135-month sentence under the FSA.[5]

---

may consider only whether a defendant's Guidelines numbers change or whether the court may also consider anew the 18 U.S.C. §3553(a) factors", Lewis, 2019 WL 2192508, *19 (citations omitted), based on the above discussion, the court finds that the §3553(a) factors should be considered but it finds that a hearing regarding these factors is not required. *Compare* Simons, 2019 WL 1760840 (court held hearing with defendant's presence for consideration of the §3553(a) factors with respect to defendant's motion under the FSA).

[5]The court has also considered Congress's intention with the FSA. As the court in Simmons, 2019 WL 1760840, at *8, stated:

However, the court, in its discretion, will reduce Cruz's 5-year term of supervised release to four years. "The applicable statutory term of supervised release applicable to [Cruz] is reduced from a statutory minimum term of five years to a statutory minimum of four years." Crews, 2019 WL 2248650, *6 (citing 21 U.S.C. §841(b)(1)(B)(iii)). "The court imposed upon [Cruz] a term of supervised release in accordance with the pre-Fair Sentencing Act statutory minimum term of supervised release of five years, but the applicable statutory minimum term of supervised release under the Fair Sentencing Act is now four years." *Id*. at *7. The court finds that this sentence reduction is appropriate particularly since Cruz has been incarcerated since October of 1995, (Doc. 54), and has now served about 23½ years of his sentence and his BOP projected release date is April 6, 2021. (Doc. 331-3). As indicated above, the court notes that Cruz has taken several educational classes in prison, he completed his GED, he completed courses in self-improvement, he has maintained clear conduct for one year, he has remained drug free, he

---

this court [will] consider[] Congress's intention, first with the Fair Sentencing Act of 2010 and now with the First Step Act of 2018, to limit government spending on incarceration and to decrease the number of inmates in federal custody. *See* 18 U.S.C. §3553(a)(5). Public safety is not served by a defendant spending more time in prison than necessary. An overly harsh sentence may prove counterproductive, increasing a defendant's likelihood to recidivate. *See*, Dewan & Binder, *supra*. The money it costs to keep defendant behind bars can be better spent on other means of crime control and prevention. *See* H.R. Rep. No. 115-699, at 23 (2018).

17

maintains frequent communication with friends and family, and he participates in religious ceremonies. (Id.). The court also reviewed Cruz's supplemental exhibits, including certificates from various programs and courses he has completed in prison as well as the letters of support from his family. (Docs. 337, 339 & 340). As such, the court recognizes and commends Cruz's efforts to improve and change himself during his incarceration.

### III. CONCLUSION

Based on the foregoing, Cruz's motion for a plenary resentencing hearing and for a reduction of sentence under the FSA, (Doc. 331), will be **GRANTED IN PART** and, **DENIED IN PART**. Cruz's motion will be **GRANTED** to the extent that the court will reduce his 5-year term of supervised release to four years. Cruz's motion will be **DENIED** to the extent he seeks a plenary resentencing hearing under the FSA, and to the extent he seeks a *de novo* hearing for consideration of the relevant factors under §3553(a). Cruz's motion for a reduction of his current 135 month sentence under the FSA will also be **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 12, 2019**
95-204-01.wpd

18