# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | 1:95-CR-204 |
| v. | : | |
| | : | (JUDGE MANNION) |
| **DERRICK CRUZ,** | : | |
| **Defendant** | : | |

## MEMORANDUM

**I.     BACKGROUND**

On May 11, 2020, Derrick Cruz, formerly an inmate at FCI-Schuylkill, Minersville, Pennsylvania, filed, *pro se*, a second motion for compassionate release under the First Step Act, and pursuant to 18 U.S.C. §3582(c)(1)(A)(i). (Doc. 353). Similar to his first motion, which the court dismissed without prejudice on April 17, 2020 for lack of jurisdiction since he had not exhausted his administrative remedies with the BOP, (Docs. 351 & 352), Cruz again seeks his immediate release from prison due to the COVID-19 pandemic and his underlying medical conditions, including lupus, asthma, acute liver disorder, a kidney disease, and hypothyroidism.

1

On May 15, 2020, the government filed a response to Cruz's motion and attached Cruz's BOP medical records. (Doc. 356). The government argued in part that Cruz still had not exhausted his BOP administrative remedies. Defendant then filed a reply brief in support of his motion on July 28, 2020. (Doc. 358). Specifically, as relief, Cruz requested the court to reduce his remaining prison sentence to time served, and to order his immediate release from prison.

Since the complete background of defendant's case is stated in the court's July 12, 2019 Memorandum deciding Cruz's motion for a reduction of his sentence under the First Step Act of 2018, (Doc. 341), and in the court's April 17, 2020 Memorandum, s*ee* United States v. Cruz, 455 F.Supp.3d 154, (M.D. Pa. 2020), as well as the government's brief in opposition, (Doc. 356), it is not fully repeated herein. Suffice to say that Cruz's sentence was reduced to 135 months on September 28, 2015, (Doc. 305), pursuant to Amendment 782.

After defendant Cruz's motion was briefed by the parties, and while it was pending with the court, defendant was released from prison by the BOP on March 18, 2021. *See* BOP inmate locator, available at https://www.bop.gov/inmateloc/# (last visited May 26, 2021).

## II. DISCUSSION

The question that arises here is whether defendant Cruz's instant motion is now moot since he has served his prison sentence and was released from confinement by the BOP. "A federal court must resolve a question of mootness before it assumes jurisdiction." Goins v. United States, 2019 WL 3084244, *4 (E.D. TN. July 15, 2019) (citation omitted). "Mootness deprives a court of its 'power to act; there is nothing for [it] to remedy, even if [it was] disposed to do so.'" *Id*. (citation omitted).

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (citation omitted). "The 'case or controversy' requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome." Reyes v. Federal BOP, 2019 WL 4302964, *1 (D. N.J. Sept. 11, 2019) (citing Burkey, 556 F.3d at 147). "For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition." *Id.* (citing Burkey, 556 F.3d at 150).

"[Defendant] has been released from BOP custody, presumably onto the supervised release portion of his sentence." *Id*. Thus, the court cannot

reduce his sentence and order the BOP release him from prison as he requests in his motion since he "has completed his period of incarceration and is no longer in BOP custody." *Id*.

"In Burkey, the Third Circuit affirmed the district court's determination that a §2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release." *Id*. at *2 (citation omitted). "The [Third Circuit] reasoned that petitioner's sentence had expired and that delayed commencement of a 'validly imposed term of supervised release' is insufficient to be a 'continuing injury' to avoid mootness after release from BOP custody." *Id*. (citing Burkey, 556 F.3d at 148).

In his motion for compassionate release, defendant Cruz only seeks the court to reduce his sentence and to direct the BOP to release him from prison and, thus, there is no longer a live case or controversy based on defendant's March 18, 2021 release from prison. *See id*.

As such, the court will dismiss defendant Cruz's second motion for compassionate release as moot. *See* Goins, 2019 WL 3084244, *5 ("Because the commutation of Petitioner's sentence and his unconditional release from that sentence 'makes it impossible for the court to grant [him]

4

any effectual relief whatever,' this Court concludes that the [] motion, …, is moot and that the Court lacks jurisdiction over the motion." (internal citations omitted).

### III.  CONCLUSION

Defendant Cruz's second Motion for Compassionate Release and for immediate release from confinement, **(Doc. 353)**, will be **DISMISSED AS MOOT**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 26, 2021**
95-204-04